UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)                Date: June 18, 2026

Title:    Rafaela Neri Angel v. Warden *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PETITIONER RAFAELA NERI ANGEL'S (A# 246-060-645) PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE; DENYING AS MOOT PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKTS. 1, 2) [JS-6]**

Before the Court are two filings.  The first is Petitioner Rafaela Neri Angel's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") enjoining Respondents[1] from transferring her out of the District pending a ruling on her petition for writ of habeas corpus ("Petition").  *See* Dkt. # 2 ("*Appl.*").  Respondents did not oppose the Application.  The second filing is Petitioner's petition for writ of habeas corpus.  *See* Dkt. # 1 ("*Pet.*"); Dkt. # 3 ("*Memo ISO Pet.*").  Respondents opposed.  *See* Dkt. # 9 ("*Opp'n*").

The Court issued a standing order on June 12, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 7.

---

[1] The Application lists Respondents as: Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; the Director of the Los Angeles Field Office for ICE Enforcement and Removal Operations; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of Homeland Security; and Pam Bondi, United States Attorney General.  *See Appl.*  The Court notes that Todd Blanche has replaced Pam Bondi as Acting Attorney General.

---

CV-90 (03/15)                    Civil Minutes – General                    Page **1** of **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03269-MWC-JDE (ADELANTO)          Date: June 18, 2026

Title:   Rafaela Neri Angel v. Warden *et al.*

For the reasons set forth below, the Court **GRANTS** the Petition and **DENIES AS MOOT** the Application.

I.      Background

The Petition details that Petitioner is a native and citizen of Mexico who entered the United States in June 1998.  *See Pet.* ¶¶ 1–2.  Petitioner has no criminal history.  *See id.* ¶ 13.  ICE detained Petitioner outside of her home on December 28, 2025, though Petitioner is not subject to a final order of removal.  *See id.* ¶¶ 3–4.  Neither Petitioner nor Respondents indicate that Petitioner received any pre-deprivation process of any kind prior to her detention.  *See generally Pet.*; *Opp'n.*

Petitioner has been diagnosed with cancer and "requires consistent, specialized monitoring on a monthly basis to manage her condition."  *See Pet.* ¶ 7.  She also suffers from blood-related health problems.  *Id.*  Petitioner's adult daughter has Generalized Anxiety Disorder and suffers from "severe, daily symptoms of anxiety and depression that significantly impact her life."  *See id.* ¶ 8.  Petitioner's daughter "is emotionally dependent on her mother's care and support."  *Id.* ¶ 9.

Petitioner's family is also economically dependent on her.  The lease for Petitioner's family home is in her name.  *See id.* ¶ 6.  Prior to her detention, Petitioner worked for a janitorial service and sold clothes at the Nipomo flea market on weekends.  *See id.* ¶ 10.  Petitioner's detention—along with that of her husband—"has thrown the family into financial crisis," as Petitioner's daughter is now the sole source of income.  *See id.* ¶ 12.

Respondents detail that Petitioner filed a previous habeas petition.  *See Severiano Lopez Galvez, Luis Adolfo Luna Lezama, and Rafaela Neri Angel v. Mullin*, 5:26-cv-01577-MAR (C.D. Cal.).  Magistrate Judge Rocconi granted the prior petition and ordered a bond hearing for Petitioner, which she received on April 28, 2026.  *See Opp'n* at 1.  The Immigration Judge, however, denied Petitioner bond after finding that she was a flight risk.  *See* Dkt. # 9-2.

On June 12, 2026, Petitioner filed the Petition and the Application.  *See generally id.*; *Appl.*  The Petition requests an injunction and immediate release from detention.  *See generally Pet.*  On June 16, 2026, Respondents filed an opposition to the Petition.  *See generally Opp'n.*  They argue that because Petitioner had a bond hearing, she has received

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)          Date: June 18, 2026

Title:     Rafaela Neri Angel v. Warden *et al.*

all due process to which she is entitled and that the Court lacks jurisdiction to overturn the Immigration Judge's decision.  *See generally id.*

II.     Case Disposition

The Application requests only that the Court enjoin Respondents from removing Petitioner from the District during the pendency of her habeas proceedings.  *See generally Appl.*  The Court's briefing schedule on the Application enjoined Respondents from removing Petitioner pending the disposition of her Petition.  *See* Dkt. # 7.  And where the Court has sufficient briefing to decide the merits of a habeas petition, it may do so directly to expedite the case.  *See, e.g.*, *Oscar v. Andrews*, No. 1:26-cv-03626 (AMO), 2026 WL 1699564, at *1 n.1 (E.D. Cal. June 11, 2026).  Because Respondents filed an opposition to the Petition, the Court has sufficient information to rule on its merits and will do so.

III.    Legal Standard

To obtain a permanent injunction, a petitioner must show that: (1) she will suffer irreparable injury; (2) damages are inadequate to compensate for that injury; (3) injunctive relief is warranted given the balance of hardships between the petitioner and respondent; and (4) a permanent injunction will not disserve the public interest.  *See Ebay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citation omitted).  Where the government is the party opposing an injunction, the balance of equities and public interest factors merge.  *See Casala, LLC v. Kotek*, 789 F. Supp. 3d 1025, 1032 (D. Or. 2025) (citing *Galvez v. Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022)).

IV.    Discussion

A.     Merits

Because Petitioner's detention without any pre-deprivation process was unconstitutional, she is entitled to immediate release from detention.

Petitioner argues that immigration authorities deprived her of the protections that the Due Process Clause of the Constitution requires.  *See Memo ISO Pet.* at 4–5.  "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004).  There, the Supreme Court discussed the need to consider:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)                    Date: June 18, 2026

Title:     Rafaela Neri Angel v. Warden *et al.*

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke her liberty. *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).  Petitioner has no criminal history and has been living in the United States without incident since June 1998.  Nor is Petitioner subject to a final order of removal.  Thus, her reliance on the implied promise that Respondents would not revoke her liberty was not unreasonable.  Once a noncitizen is present in the United States, they have a "weighty" liberty interest in remaining in the United States, as they stand to lose rights to "stay and live and work" in the country and "to rejoin [their] immediate family." *See Landon v. Plascencia*, 459 U.S. 21, 34 (1982) (internal quotation marks and citations omitted).  Petitioner also suffers from cancer for which she needs consistent and high-quality medical treatment.  Lastly, Petitioner's detention impedes her ability to maintain employment and support her family.  Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, neither Petitioner nor Respondents identify the provision of any pre-deprivation opportunity to contest her detention.  *See generally Pet.*; *Appl.*; *Opp'n*.  "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025).  For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests.  Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without sufficient procedural protections is slight.  *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).  And custody hearings for immigration detention are routine and impose a "minimal" cost on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)                    Date: June 18, 2026

Title:     Rafaela Neri Angel v. Warden *et al.*

government.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Though Petitioner received a post-deprivation bond hearing, this delayed process does not offer Petitioner full relief.  The Court must heed the language in *Mathews* that "[a] claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing."  *See* 424 U.S. at 331.  Given the severe delay that comes with the receipt of post-deprivation bond hearing—here, a four-month delay—and since the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities," *see Hernandez v. Sessions*, 872 F.3d 976, 995 (2017), a post-deprivation bond hearing cannot undo those harms.  These harms are especially acute here, where Petitioner suffers from cancer and requires significant medical care.  The argument that a post-deprivation hearing would provide full relief assumes that one can recover everything that comes with being free from detention for several months, a dubious proposition.

Respondents focus on only Petitioner's receipt of the April 28, 2026, bond hearing, arguing that this Court cannot undo the Immigration Judge's decision.  *See generally Opp'n*.  But the Court is not analyzing the propriety of the Immigration Judge's decision—instead, the Court focuses only on whether Respondents provided Petitioner adequate process before placing her in immigration detention.  *See, e.g.*, *Nohe v. DHS*, 5:26-cv-01952-MWC-KS, Dkt. # 9 at 5 (C.D. Cal. Apr. 23, 2026) (granting immediate release based on pre-detention due process violations despite petitioner's receipt of a post-deprivation bond hearing).

For these reasons, Petitioner has established that her detention without any notice or pre-deprivation process was unconstitutional.

B.     Irreparable Harm and Damages as Compensation

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'"  *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)                    Date: June 18, 2026

Title:    Rafaela Neri Angel v. Warden *et al.*


(quoting *Hernandez*, 872 F.3d at 999).  That subpar care creates an especially acute risk to Petitioner, who has cancer and requires significant medical treatment.  And Petitioner cannot care for her daughter, who suffers from severe anxiety and depression.  Petitioner is also the financial bedrock for her family, maintaining their lease and providing a stable source of income.

Damages generally cannot remedy irreparable harm.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 555 Fed. Appx. 730, 732 (9th Cir. 2014) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)).  That is especially true here, where Petitioner suffers from cancer while under the subpar conditions of ICE detention.  And "the Ninth Circuit has consistently held that 'unlike monetary injuries, constitutional violations cannot be adequately remedied through damages.'"  *United States v. Idaho*, 746 F. Supp. 3d 881, 916 (D. Idaho 2024) (quoting *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009)).  As a result, this factor weighs in favor of granting Petitioner's release from detention.

C.    Balance of Equities and Public Interest

As detailed above, the last two factors "merge when the Government is the opposing party."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws.  *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018).  Still, the balance of equities and the public interest factors tip in favor of Petitioner because she is challenging Respondents' violation of her constitutional rights.  *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03269-MWC-JDE (ADELANTO)                Date: June 18, 2026

Title:    Rafaela Neri Angel v. Warden *et al.*

V.   Determination

Based on the foregoing, Petitioner is entitled to immediate release and an injunction against detention.  The Application requested an injunction against removal during the pendency of only her habeas proceedings, and that issue is now moot.  Thus, the Court must deny the Application in light of the other relief it grants.

VI.   Conclusion

For these reasons, the Court **GRANTS** Petitioner's petition for writ of habeas corpus and a permanent injunction and **DENIES AS MOOT** Petitioner's *ex parte* application for a temporary restraining order.  The Court **ORDERS** as follows:

1.  Respondents must release Petitioner Rafaela Neri Angel (A# 246-060-645) immediately under the same conditions Petitioner was subject to prior to her December 28, 2025, detention.

2.  When releasing Petitioner, Respondents must return any property seized from Petitioner in the course of her arrest and detention, including her identity and employment documents.

3.  Respondents are **ENJOINED** from re-detaining Petitioner without written notice and a pre-deprivation hearing before a neutral decisionmaker as to whether Petitioner's detention would be lawful.

The Court **ORDERS** Respondents to serve a copy of this Order on Petitioner immediately.  Respondents must file a declaration by end of day on June 19, 2026, attesting to Petitioner's release.  Failure to do so may result in the imposition of sanctions.

This Order closes the case.  [JS-6]

**IT IS SO ORDERED.**

                                                                                    :
                                                        **Initials of Preparer**   TJ